IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL MARTINEZ, on behalf of
himself and others similarly situated,

        Plaintiff,

vs.                                                   No. CIV 96-1031 MV/JHG

ALLSTATE INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Reconsideration of Portion of Opinion Allowing Amendment of Plaintiff's Complaint to Include Two Vehicle Cases, filed September 24, 1997 **[Doc. No. 48]**, Plaintiff's Objection to Magistrate's Order on Plaintiff's Motion to Compel of January 15, 1998, filed March 23, 1998 **[Doc. No. 71]**, Plaintiff's Objection to Magistrate's Order on Plaintiff's First Motion to Compel Production of Documents, filed March 23, 1998 **[Doc. No.72]**, and Plaintiff's Objection to Magistrate's Order on Plaintiff's Second Motion to Compel Discovery, filed March 23, 1998 **[Doc. No. 73]**. The Court, having reviewed the pleadings, supporting affidavits, and relevant law and being otherwise fully informed, finds that these motions are not well-taken and will be **denied**.

### Background

In this case where the initial concern is whether the Court should certify a plaintiff's class, the Court has allowed Mr. Martinez to amend his complaint [Doc. No. 45] in part to include in that putative class all Allstate insureds who have uninsured motorist coverage under a multiple-car policy

issued or renewed in New Mexico since September 23, 1994. Allstate had argued that the Court should not allow the amending of the complaint, since Mr. Martinez knew when filing his original complaint that Allstate consistently allowed stacking of uninsured/underinsured coverage for two vehicles despite its position that it was not legally obligated to do so. The Court found, however, that deposition testimony revealed possible inconsistencies in how Allstate applied its stacking policy, namely that Allstate might not have allowed stacking altogether or that Allstate might have allowed stacking only after being challenged by its insured. Allstate now asks the Court to reconsider its ruling, claiming that it does not apply its stacking position inconsistently, and presenting through the affidavit of its adjuster Susan Cary that it has always, since April 10, 1996, allowed all of its New Mexico insureds, both unrepresented and represented by counsel, to stack coverage for two, but no more than two, vehicles. Allstate essentially argues that the Court has misconstrued Ms. Cary's deposition testimony, and offers her affidavit in an effort to clarify that testimony. Mr. Martinez counters by showing that Allstate in fact did initially deny a stacking claim for two vehicles in 1997, only to subsequently allow the claim after the insured's attorney filed suit. Allstate explains this stacking denial by stating that the issue there was not stacking *per se*, but whether stacking should be allowed when the two named policy holders, attempting to collect on a loss upon the death of an insured, were relatives but did not live together at the same address.[1]

With respect to the discovery motions, Mr. Martinez is aggrieved by some of Magistrate Galvan's discovery rulings. Specifically, Mr. Martinez takes issue with the rulings that in part denied

---

[1] Allstate's position is that, notwithstanding its lack of obligation but policy to stack uninsured/underinsured coverage for class I insureds, who are resident relatives living at the same address, it has no obligation to, and will not stack, coverage for class II insureds, who are not resident relatives. Allstate cites Schmick v. State Farm Mutual Automobile Insurance Co., 704 P.2d 1092, 1096 (N.M. 1985) for support. Without deciding the issue, the Court notes that it is not clear from New Mexico law whether a nonresident relative is a class one or a class two insured. Compare Schmick, 704 P.2d at 1096, with Konnick v. Farmers Insurance of Arizona, 703 P.2d 889, 891-93 (N.M. 1985).

a motion to compel answers to Plaintiff's interrogatories number 4, 8, 12, 13, and 14, that denied a first motion to compel the production of documents requested through requests number 4 and 5, and that denied a second motion to compel the production of documents requested through requests number 1, 5, and 10.  The details of each objection are as follows:

Plaintiff's Objection to Magistrate's Order on Plaintiff's Motion to Compel of January 15, 1998:

Interrogatory No. 4:  Mr. Martinez had asked Allstate to identify all documents that refer or relate in any way to Allstate's decision to allow stacking for two vehicles.  Allstate answered by stating that much of this information is privileged, but that it had complied with this interrogatory when it produced information on the eleven claims that involved stacking.  Magistrate Galvan ruled that this interrogatory was overly broad as drafted and that Allstate had adequately answered it.

Interrogatory No. 8:  Mr. Martinez had asked for the identification of all claims, along with the names of claimants' attorneys, where the final resolution of claims at issue was dependent on or related to the outcome of the litigation at bar.  Allstate objected to disclosing this information, but provided file numbers where the parties agreed to have their claims be bound by the outcome of this case.  Judge Galvan  ruled that all names of insured and their attorneys need not be disclosed at this stage of the proceedings out of concern for the insured's right to privacy.

Interrogatories No. 12 and 13:  Mr. Martinez had asked for legal opinions provided to Allstate that resulted in decisions regarding stacking for his claim or any claim under a policy similar to the policy in this case.  Allstate rejected the request on the basis of privilege.  The magistrate concurred that privilege applied at this stage of the proceeding.

Interrogatory No. 14:  Mr. Martinez had asked how many claims Allstate insureds had made

for uninsured/underinsured motorist coverage for personal injuries in New Mexico between 9/1/94 and 6/26/96. Allstate rejected the request as overly broad and burdensome, and Magistrate Galvan essentially agreed, ruling that the Court had previously ordered the production of claims files dealing with the issues presently before the Court.

<u>Plaintiff's Objection to Magistrate's Order on Plaintiff's First Motion to Compel Production of Documents</u>:

<u>Request for Production Nos. 4 and 5</u>: Mr. Martinez here requested all documents that Allstate has which refer or relate in any way to the policy changes it made in 1994 concerning uninsured motorist coverage in New Mexico and to Allstate's decision, notwithstanding its interpretation of the law, to stack two, but no more than two, uninsured motorist coverages. Allstate objected to these requests as being too broad and unduly burdensome, but indicated it would produce certain sets of documents that were not privileged. Magistrate Galvan ruled that other documents, including a memorandum from Allstate's counsel, were not discoverable at this time since discovery was limited to class action issues and did not encompass Plaintiff's bad faith claims.

<u>Plaintiff's Objection to Magistrate's Order on Plaintiff's Second Motion to Compel Discovery</u>:

<u>Request for Production No. 1</u>: Mr. Martinez requested Allstate's Corporate Litigation Guidelines. Allstate objected on the basis of privilege, and the magistrate agreed. Judge Galvan essentially denied Allstate's objection and held that although the method Allstate used to decide stacking issues might be relevant to class action issues, any legal opinion would be privileged. Mr. Martinez would like Allstate to produce the guidelines despite the assertion of privilege.

<u>Request for Production No. 5</u>: in this request Mr. Martinez had wanted all documents which relate in any way to the review of claim files done by Susan Cary in connection with this action.

Allstate objected on the basis of privilege, but went on to state that "no documents constituting instructions or criteria for the review of claims files done by Susan Cary exist." Judge Galvan thought this answer sufficient.

Request for Production No. 10:  Mr. Martinez requested "all documents which refer to the number of claims for uninsured/underinsured motorist coverage for personal injury under an Allstate policy issued/renewed in New Mexico between 9/1/94 and 6/26/96." Allstate objected by calling this request overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The magistrate judge denied the request as overbroad.

**Discussion**

I.  The motion to reconsider

The Court has reviewed its order of September 9, 1997 and the deposition testimony of Ms. Cary and declines to change its ruling. Allstate correctly interprets the order as being based on the Court's concern that Allstate may be applying or may have applied its stacking policy inconsistently. Another reading of Ms. Cary's deposition does show that she initially testified that Allstate treats all policy holders the same with respect to stacking. Deposition of Susan Cary, March 28, 1997 at 77. However, Ms. Cary also stated that in going back over its initial denials, Allstate missed one claim, and it was only as a result of this litigation that this oversight was brought to light. Id. at 78. Moreover, Ms. Cary is clear that Allstate did not send out new endorsements to policy holders when it decided to change its stacking policy. Id. at 81. The application of the policy and the informing of the policy holders, then, appears dependent on Allstate's good will. In addition, Mr. Martinez has provided evidence that Allstate did deny a stacking claim to an unrepresented claimant, only to allow stacking once an attorney entered the picture. Although Allstate counters by distinguishing that

instance from the issues in this litigation, namely that there the insured may have been a class two, rather than a class one, insured, such a factual dispute should not be resolved in a motion to amend a complaint. Therefore, after reviewing once again Ms. Cary's deposition and considering the parties' arguments here, the Court still has concern about Allstate's application of its stacking policy.

    II. The objections to the discovery rulings

Since magistrate rulings on discovery are not dispositive, the Court will "defer to the magistrate's rulings unless [they were] clearly erroneous or contrary to law." Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997), cert. denied, 118 S.Ct. 298 (1997), citing Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988). This standard requires affirmance unless a court is left "with the definite and firm conviction that a mistake has been committed." Ocelot, 847 F.2d at 1462, citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Moreover, the Court is mindful that the rulings in dispute here arise from discovery focused only on class certification. See Interim Order of Limited Discovery, filed December 5, 1996 [Doc. No. 13]. It is from this procedural posture that the Court considers Mr. Martinez's objections.

In objecting to the order deciding the January 15 motion to compel, Mr. Martinez claims that the magistrate erred in his ruling for interrogatories 4, 8, 12, 13, and 14. For interrogatory number 4, Mr. Martinez seeks information that would help him explore the issue of Allstate's bad faith. This issue, while relevant to the litigation, is not relevant for class determination, since the core issue of the putative class is whether Allstate conforms to the New Mexico law of stacking of uninsured motorist claims. This interrogatory is thus overly broad. For interrogatory 8, Mr. Martinez claims that he needs to know the identity of persons, or their attorneys, who have claims dependent on the present litigation. While Judge Galvan correctly ruled that Mr. Martinez needs substantive

information on these claims, he also correctly decided that the identity of the parties is unnecessary for purposes of class determination. In interrogatories 12 and 13, Mr. Martinez also seeks information that would let him explore the issue of bad faith on the part of Allstate. Again, while this information may be relevant in a later stage of these proceedings, it is not relevant for purposes of class determination. Consequently, Judge Galvan's rulings on these interrogatories were not clearly erroneous.

The ruling on interrogatory 14 gives pause, however. Here Mr. Martinez requested to know the number of claims made by Allstate insureds for uninsured/underinsured motorist coverage for personal injuries in New Mexico between 9/1/94 and 6/26/96. Allstate objected on the grounds that this request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The magistrate judge agreed, noting also that the Court had already ordered the production of claims files dealing with the issues before the Court. It is clear that the disclosure of the number of claims for uninsured motorist coverage is overly broad, since it includes the set of claims where the insured had only one car. However, the documentation before the Court does not explain whether Allstate has disclosed the claims where policy holders insured two or more cars, regardless of whether those policy holders requested stacking of coverage.[2] This latter information would clearly be relevant to these proceedings. Therefore, to the extent that Allstate has not disclosed the number of claims where the claimants insured two or more cars, regardless of whether those insured asked for stacked coverage, Magistrate Galvan may reopen discovery to allow the exchange of that

---

[2] Judge Galvan's order addressing the first motion to compel production clarifies that Allstate must produce, in redacted form, all files which Ms. Cary reviewed in her determination that there are only eleven instances where the claimants are in the same position as Mr. Martinez. The files which Ms. Cary reviewed, however, may be limited by her determination that stacking was not an issue at the time of her review. It is therefore possible that Ms. Cary's determination of the appropriateness of stacking may have limited her review of the files. The Court agrees with Judge Galvan that Mr. Martinez has the right to make his own independent appraisal of the files.

information. It is not enough, as Allstate implies, to disclose the number of claims where the insured made demands for stacked uninsured/underinsured motorist coverage, or claims where the injuries or damages would, in fact, implicate such stacked coverage.

In his objection to the magistrate's order on his first motion to compel discovery, Mr. Martinez seeks in his requests for production 4 and 5 a memorandum from Allstate's legal staff, distributed to eight individuals within the company and discussing Allstate's 1994 stacking policy changes. Judge Galvan ruled that this document was protected by the attorney-client privilege and therefore not discoverable at this stage of the litigation. Mr. Martinez argues that Allstate has waived the privilege through its assertion that any decisions it took with respect to stacking relied on the advice of counsel, and that, because bad faith is an issue in this litigation, Allstate should have access to this information. There is no indication that Judge Galvan conducted an *in camera* review of this material, and without such a review and a fuller explanation of the privilege claims the Court expressly reserves judgment on whether any documents claimed to be privileged are indeed so. Despite not deciding the privilege issue, however, the Court concurs with Judge Galvan that, where discovery is for the moment limited to class certification issues, any bad faith that may exist on the part of Allstate is irrelevant at this time. What is relevant are the elements of Rule 23, and none seem implicated by an examination of the bad faith issue.

In his last objection, to Magistrate Galvan's ruling on his second motion to compel discovery, Mr. Martinez seeks in his request for production number 1 Allstate's Corporation Litigation Guidelines. It is unclear at this point whether these guidelines exist. Nonetheless, Judge Galvan ruled that, while the method of stacking may be relevant, any material that is privileged is not subject to disclosure at this time. Without examining the guidelines, the Court can not rule on their applicability

to class determination issues. Therefore, the Court will remand to Judge Galvan, with the request that he conduct an *in camera* review of the entire guidelines to initially determine their privilege status, if any, and their relevance to class certification issues.

In his request for production number 5 Mr. Martinez had sought all documents which refer or relate in any way to the review of claims files done by Susan Cary. Allstate had responded both by claiming privilege, and by stating that outside of privileged documents no other documents existed. Judge Galvan thought this answer sufficient, but Mr. Martinez would like the disclosure of a computer-generated index of all Allstate uninsured motorist claims. Allstate points out, however, that this index was prepared at the request of counsel during the course of this litigation, and that in any event Judge Galvan has already ordered the production, in redacted form, of all files Susan Cary has reviewed. Although the Court finds that Allstate's response to this interrogatory was not as responsive as it should have been, particularly in light of Ms. Cary's testimony of having prepared handwritten notes,[3] the Court can not say that Judge Galvan's ruling, given that Mr. Martinez can prepare his own index from the files that were already disclosed or will be disclosed, was clearly erroneous.

Finally, Mr. Martinez's request for production number 10 is essentially a duplicate of his interrogatory number 14. As the Court has already ruled, this request is overly broad, but Mr. Martinez is entitled to information concerning claims where the insured had policies on two or more cars, regardless of whether they made any stacking claims.

**THEREFORE,**

**IT IS HEREBY ORDERED,** that Defendant's Motion for Reconsideration of Portion of

---

[3] Neither party clarifies whether those notes might be privileged.

Opinion Allowing Amendment of Plaintiff's Complaint to Include Two Vehicle Cases, filed September 24, 1997 **[Doc. No. 48]**, Plaintiff's Objection to Magistrate's Order on Plaintiff's Motion to Compel of January 15, 1998, filed March 23, 1998 **[Doc. No. 71]**, Plaintiff's Objection to Magistrate's Order on Plaintiff's First Motion to Compel Production of Documents, filed March 23, 1998 **[Doc. No.72]**, and Plaintiff's Objection to Magistrate's Order on Plaintiff's Second Motion to Compel Discovery, filed March 23, 1998 **[Doc. No. 73]** be, and hereby are, **denied**.

**IT IS FURTHER ORDERED THAT** to the extent that Allstate has not disclosed the number of claims where the claimants insured two or more cars, regardless of whether those insured asked for stacked coverage, Magistrate Galvan may reopen discovery to allow the exchange of that information, subject to the confidentiality and redaction that Judge Galvan has already imposed.

**IT IS FURTHER ORDERED THAT** Defendant Allstate Insurance Company produce, no later than ten (10) days from the filing of this order, its complete Corporate Litigation Guidelines so that Magistrate Galvan may conduct an *in camera* initial review both of their privilege status, if any, and their relevance to the class certification issues.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

June 22, 1998

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| Janet Santillanes, Esq. | Lisa M. Burke, Esq. |
| James T. Roach, Esq. | Jennifer A. Noya , Esq. |
| David Archuleta , Esq. | |