IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL MARTINEZ, on behalf of
himself and all others similarly
situated,

    Plaintiffs,

vs.                                                      No. CIV 96-1031 MV/JHG

ALLSTATE INSURANCE COMPANY,

    Defendant

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Certify for Interlocutory Appeal and to Stay Action Pending Disposition of Appeal, filed October 5, 1999 **[Doc. No. 155]**. The Court, having considered the motions, responses, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

### PROCEDURAL BACKGROUND

On June 10, 1999 this Court in a Memorandum Opinion and Order [Doc. No. 154] ruled that a) Defendant, Allstate Insurance Company's (Allstate) 1994 automobile insurance policy and premium structure did not validly preclude stacking of more than two uninsured motorist coverages under New Mexico law; b) Allstate's attempt to preclude stacking of more than two uninsured motorist coverages constituted bad faith; and c) Allstate's automobile insurance policy did not validly preclude stacking of medical payment coverages.

Allstate filed a motion requesting that the Court reconsider the bad faith portion of its

1

June 10, 1999 Memorandum Opinion and Order which the Court denied. Allstate then filed the current motion requesting that the Court amend its Memorandum Opinion and Orders entered on June 10, 1999 and August 23, 1999 granting in part Plaintiff's cross-motion for summary judgment on the issues of stacked uninsured motorist coverage, stacked medical payments coverage and bad faith. Allstate asks this Court to certify the Order for an interlocutory appeal pursuant to the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292 (b) (1993), and stay the action pending disposition of such certification.

## FACTUAL BACKGROUND

The central question in this case is whether, insureds under Allstate's 1994 automobile insurance policy were entitled to stack their uninsured motorist coverage, medical payment coverage, and whether Allstate's attempts to preclude stacking constituted bad faith. This Court, following New Mexico law, held that anti-stacking clauses within uninsured motorist policies are allowed. *Rodriquez v. Windor Ins. Co.*, 118 N.M. 127, 133, 879 P.2d 759, 765 (1994). This Court also held that anti-stacking clauses regarding medical coverage is allowed where the anti-stacking provisions are clear and unambiguous. *Sanchez v. Herrera,* 109 N.M. 155, 160, 783 P.2d 465, 470 (1989), *Vigil v. California Casualty Ins. Co.,* 112 N.M. 67, 811 P.2d 565 (1991).

However, the Court ruled that it could not give effect to Allstate's uninsured motorist anti-stacking clauses because Allstate charged more than one premium for uninsured motorist coverage under the 1994 policy. As held in *Rodriquez,* this entitles the insured to the benefit of what he or she paid for. *Id.* The Court also ruled that, unlike *Sanchez,* it could not give effect to Allstate's anti-stacking provisions for medical coverage because the contract clauses were vague and ambiguous. *Sanchez,* 109 N.M. at 159, 783 P.2d 469.

2

Furthermore, this Court ruled that Allstate, in attempting to restore its anti-stacking policy in the wake of *Allstate Ins. Co. v. Stone,* 116 N.M. 464, 863 P.2d 1085 (1993), had acted in bad faith. The Court found that Allstate sent its insured an amendatory endorsement, AU2207-1, which was inadequate in explaining to Allstate's policy holders that the insurance company would no longer stack uninsured motorist coverage. *Martinez v. Allstate Ins. Co.,* No. CIV 96-1031 MV/JHG, slip op. at 11-15 (D.N.M. June 10, 1999). The Court found that Allstate failed to provide its insureds with sufficient information regarding stacking that would have allowed them to make an informed renewal decision. *Id.* The Court held that in 1994, Allstate acted in reckless disregard of its policy holder's rights by not clearly informing its insureds that it was, as in 1990, removing their ability to stack under their policies. *Id.*

Allstate contends that an interlocutory appeal is appropriate in this instance because the Court's Order contains controlling questions of law, as to which there are substantial grounds for difference of opinion and that an immediate appeal from the Order will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292 (b).

## ANALYSIS

## I. STANDARD FOR INTERLOCUTORY APPEALS

With a few exceptions, a federal appellate court's jurisdiction is limited to appeals from "final decisions" of the federal district courts. The foundation of federal appellate jurisdiction is the final judgment rule, which holds that appeal should lie only from an order which terminates litigation at the trial stage. 28 U.S.C. § 1291; *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737 (1976). Interlocutory review is restricted to final decision to prevent the debilitating effect on judicial administration caused by piecemeal appellate disposition of a single controversy. *Eisen v.*

*Carlisle,* 417 U.S. 156, 179 (1974). The finality rule permits a consolidated review of all error and under the normal scope of review doctrine, reduces the points of error which must be considered to those material to the result reached at trial. Note, *Interlocutory Appeals in the Federal Courts under 28 U.S.C. § 1292(b),* 88 HARV. L. REV. 607, 609 (1975) [hereinafter, *Note*]. The final judgment rule is thought to eliminate wasteful delay in the trial court and conserve judicial resources. *Id.*

The Interlocutory Appeals Act of 1958, provides one exception to the finality rule. With the Act, Congress provided a bi-level procedure for establishing appellate jurisdiction to review non-final orders in civil actions. *Id.* Interlocutory appeals are permitted, but limited. An interlocutory appeal may be granted in the district court's discretion, only if the statutory criteria are met under 28 U.S.C. § 1292 (b). The Act permits trial judges to certify for appeal an order that involves a controlling question of law, as to which there is substantial ground for difference of opinion, and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292 (b). Once an order is certified by the district court, a party must then make application to the court of appeals for leave to appeal. *Id.*

Review under § 1292 (b) should be sparingly granted and then only in exceptional cases in which extended and expensive proceeding probably can be avoided. Hearings on H.R. 6238 and H.R. 7260 before Subcomm. No. 3 of the House Comm. on the Judiciary, 85th Cong., 2d Sess., ser.11, at 21 (1958). In 1952, the Judicial Conference of the United States discussed the proposed act that incorporated the present language of section 1292 (b). The discussion in the conference about this proposal emphasized the need for a narrow standard governing interlocutory appeals and the need for a procedural mechanism which would both avoid opening

the door to frivolous, dilatory, or harassing interlocutory appeals and to prevent undue consumption of the time of appellate courts in considering jurisdictional issues. *Kraus v. Bd. of County Road Comm'rs,* 364 F.2d 919, 922 (6th Cir. 1966); *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993); *Kearney v. Jandernoa,* 979 F. Supp. 1156, 1158 (D. Mich. 1997), *Note, supra,* at 610. The policy of preserving judicial resources underlying § 1292 (b) discourages serial appeals. *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982).

In order to obtain judicial permission to appeal pursuant to § 1292 (b), the petitioner must show that: 1) the question involved is one of law, 2) the question is controlling, 3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision and 4) an immediate appeal would materially advance the ultimate termination of the litigation. *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir. 1974). These requirements should be stringently observed. *Urbach v. Sayles*, 779 F. Supp. 351, 353 (D.N.J. 1991). Application of these standards is the function of the district court. In this case, Allstate has not satisfied the applicable standards of § 1292 (b), as explained below.

## II. ANALYSIS

### A. Question of Law

Allstate argues that the Court's June 10, 1999 Order presents controlling questions of law that warrant certification for interlocutory appeal. In that Order, the Court held that: a) Allstate must stack all uninsured motorist coverages in New Mexico, b) Allstate acted in bad faith by not stacking such coverage and c) that Allstate must stack medical payment coverages. This Court held that Allstate's anti-stacking contractual clauses for uninsured motorist coverages were

5

invalid because Allstate charged more than one premium for its uninsured motorist coverage. In addition, this Court held that Allstate's anti-stacking contractual clauses for medical coverage were unclear and ambiguous, thus, precluding this Court from giving them effect.

This case does not involve a "controlling" or unsettled question of law that could result in reversal on appeal. In New Mexico, it has been settled that insureds can stack uninsured motorist coverage if they pay more than one premium for that coverage. *Lopez v. Foundation Reserve Ins. Co. Inc.,* 98 N.M. 166, 171, 646 P.2d 1230, 1235 (1982). It is also well settled that where anti-stacking clauses are ambiguous, the ambiguities are construed against the insurer. *Rodriguez,* 118 N.M. at 131, 879 P.2d at 763. Based on the Court's factual determination that Allstate charged more than one premium and that anti-stacking clauses concerning medical coverage were ambiguous, the Court ruled that stacking the uninsured motorist coverage and the medical payment coverage was permissible. Thus, interlocutory appeal is inappropriate in this case because the Court's June 10, 1999 and July 20, 1999 Orders are consistent with well settled New Mexico law.

### B. Controlling Question of Law

This case does not involve a controlling question of law. Allstate argues that a question is "controlling" if its incorrect disposition would require reversal of a final judgement. *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir. 1990), *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.1974). Allstate argues that this case involves a controlling question of law because the Court's rulings regarding stacking and bad faith, if determined to be erroneous on appeal, could result in a reversal. However, under Allstate's analysis, all federal district court rulings which might result in a reversal would be "controlling" for purposes of interlocutory

6

appeal. This flies in the face of Congress' intent behind § 1292 (b), - the expedited resolution of matters and the preservation of judicial resources. Allstate fails to appreciate that this Court applied well settled New Mexico State law and that a district court's factual determinations are entitled to great deference. FED. R. CIV. P. 52(a). This Court's factual determinations are unlikely to be reversed on appeal. Where a district court makes factual determinations based on well settled law, the "controlling question of law" factor is not met.

### C. Substantial Ground for Difference of Opinion

No substantial ground for a difference of opinion exists regarding the stacking and bad faith determinations, thus precluding certification for interlocutory appeal. Determining whether the standard that a substantial ground for difference of opinion has been met requires an inquiry into the merits of the plaintiffs' claim. Allstate correctly argues that a substantial ground for difference of opinion may be demonstrated by adducing conflicting and contradictory opinions of courts which have ruled on the issue. *Oyster v. Johns-Manvilee Corp.,* 568 F. Supp. 83 (D. Pa. 1983*).* However, the merits of Allstate's claim do not provide a substantial ground for difference of opinion nor do conflicting opinions in other states which have ruled on the issue.

A district judge faced with a motion to certify for interlocutory appeal, has a duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute. *Max Daetwyler Corp. v. Meyer,* 575 F. Supp 280 (D. Pa. 1983). The rationale for placing the initial screening function with the trial court is that the trial judge is in the best position to assess the future course of the litigation and the harm from a potentially erroneous order. *Berger v. United States,* 170 F. Supp. 795 (D.N.Y. 1959*).* In deciding whether to certify an interlocutory appeal, a

trial judge can consider the likelihood that his or her decision will be reversed on appeal. *Id.*, *United States ex rel. Hollander v. Clay,* 420 F. Supp. 853 (D.D.C. 1976). While there may be a difference of opinion among the circuits on a question of law, a district judge need not certify an appeal on that question if the law of the circuit is clear and plainly supports his or her ruling. *Clay,* 420 F. Supp. at 796. Similarly, when a federal district court is applying clear state law, as in this case, the district judge need not certify its order where the movant's probable success upon appeal is low. Allstate's probable success upon appeal is low based upon the clarity of New Mexico law in this area. Therefore, certification for interlocutory appeal is inappropriate.

Allstate argues that the Court's declaration that Allstate must stack more than two uninsured motorist coverages is in direct conflict with several decisions of other state courts that have examined Allstate's policy and premium structure and have concluded that Allstate is not required to stack uninsured motorist coverage. However, Allstate fails to appreciate that precedents in other states are not binding on a federal district court applying New Mexico state law. A federal court sitting in diversity applies the substantive law of the forum state. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996). In adjudicating issues of state law, the goal of a federal district court is to "ascertain and apply a state's law with the objective that the result obtained in the federal court should be the result that would be reached in that state's court." *Wood v. Eli Lilly & Co.,* 38 F.3d 510, 512 (10th Cir. 1994). In a diversity action the federal court's duty is to apply the most recent statement of state law by the forum state's highest Court. *Id.* The Court correctly identified and applied New Mexico state law.

The law in New Mexico on stacking of uninsured motorist coverage and medical coverage is well settled. Where the law is well settled but there are differences of opinion with respect to

how the law should be applied to the facts, certification under § 1292 (b) is inappropriate. *Fechter v. Connecticut General Life Ins. Co.,* 800 F. Supp. 178, 182 (D. Pa. 1991). Allstate, however, disagrees with this Court's application of New Mexico law. Allstate disagrees with this Court's findings that Allstate charged more than one premium for its uninsured motorist coverage and that the 1994 anti-stacking provisions pertaining to medical coverage were ambiguous. Allstate also disagrees that its attempts to preclude the stacking of medical coverage within its 1994 automobile insurance policy were unclear and ambiguous. Although, Allstate disagrees with this Court's findings, interlocutory appeal is inappropriate where no substantial ground for difference of opinion exists. The Court correctly identified and applied New Mexico law and reached a result that is similar to what the state courts would have reached.

### D. Materially Advance the Ultimate Termination of the Litigation

Allstate argues that an immediate appeal from the Court's June 10, 1999 and August 23, 1999 Orders would materially advance the ultimate termination of the litigation. Allstate argues that if this Court's rulings are reversed the case will be at an end. Similarly, if this Court's ruling are affirmed, the parties may be able to settle the remaining damage questions, eliminating a need for trial. Allstate also argues that an interlocutory appeal would resolve issues that may delay partial settlement agreements entered into by some insureds.

In certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292 (b), the district judge must find that the interlocutory appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292 (b). This reflects the policy that interlocutory review will be granted only in extraordinary cases where a decision might avoid protracted and expensive litigation. *Note, supra,* at 611; 4 AM. JUR. 2d *Appel. Rev.* § 129 (1995). If it appears that interlocutory

appeal will delay a trial, rather than expedite or eliminate it, leave by the district court to appeal should be denied. *Kliban v. United States,* 65 F.R.D. 6 (D. Conn. 1974).

The determination of whether an interlocutory appeal may materially advance the ultimate termination of litigation properly turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial and the nature and scope of the requested relief. *Federal Dist. Ins. Corp. v. First Nat'l Bank,* 604 F. Supp. 616 (D. Wis. 1985). Certification is inappropriate where all substantive motions have been decided, discovery is completed and the case is ready for trial. *Rottmund v. Continental Assurance Co.,* 813 F. Supp. 1104, 1112 (D. Pa. 1992). As the Court noted in its June 10, 1999 Order, discovery is complete and the case is ready to go to trial. Courts within the Third Circuit have routinely held that where a case is ready for trial, an interlocutory appeal will only result in delay. *Barnes v. American Tobacco Co., Inc.,* 176 F.R.D. 479, 497 (D. Pa. 1997). Accordingly, this Court finds that granting an interlocutory appeal at this late stage would delay, rather than advance, the ultimate termination of the litigation and thus is inappropriate.

**E. Consideration of All Relevant and No Improper Factors**

Orders within the trial court's discretion are not reviewable where the trial judge considered all proper factors and no improper factors. *Deepwater Exploration Co. v. Andre Weir Ins. Co.,* 167 F. Supp 185, 188 (D.La. 1958); *see Katz,* 496 F.2s at 755-57. Allstate contends that this Court's grant of partial summary judgment in favor of the Plaintiff was improper because it did not properly consider evidence that Allstate sent insureds an explanatory insert in with the endorsement in 1994 addressing anti-stacking policy changes. Allstate argues that after receiving

10

the Court's Order, Allstate filed, along with its motion requesting that the Court reconsider its decision on the bad faith issue, affidavits showing that Allstate had, in fact, sent its insureds an explanatory insert along with the endorsement in 1994. Allstate indicated that the explanatory insert was produced to Plaintiffs' counsel and that the insert was produced prior to Plaintiffs filing their motion for summary judgment. Allstate is mistaken in its argument that the Court's partial granting of Plaintiffs' cross motion for summary judgment was "based solely on representations of Plaintiffs' counsel..." and not on the evidence. Allstate contends that this Court erred in refusing to amend its Order after being presented with such evidence. The Court ruled, however, that despite the late presented evidence, this Court's judgment would stand.

This Court ruled that to allow Allstate, after full and fair litigation of the bad faith issues, to succeed in its motion, based on evidence presented after the fact, would be to invite the multiplication of instances where parties would seek to upset a judgment with late-presented evidence. Allstate questions this decision and contends that "late-presented evidence is better than no evidence at all." However, Allstate fails to appreciate that it had a duty to draw the Court's attention to the material Allstate wished the Court to consider. 11 MOORE'S FEDERAL PRACTICE § 56.10 ( Mathew Bender 3d. ed.). The summary judgment movant or opponent must draw the court's attention to the items of record that support its position and that it wishes the court to consider. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court reiterates that Allstate cannot now upset an adverse ruling by bringing forth evidence it previously should have mentioned to the Court. Allstate had more than ample time to alert the Court to the materials it wished the Court to consider. Allstate cannot escape the general rule that "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for

reconsideration." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1998); *see also Servants of the Paraclete v. Great American Ins. Co.,* 866 F. Supp. 1560, 1581 (D.N.M. 1994); *Tischio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 532 (D.N.J. 1998); 12 MOORE'S FEDERAL PRACTICE, *supra,* § 59.30 [6]. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Cross Timbers Oil Co. v. Rosel Energy, Inc.,* 168 F.R.D. 649, 650 (D. Kan. 1996). The Court declines to open the door to an interlocutory appeal in this matter based on late-presented evidence. The Court's decision on the matter of the 1994 supplement is fully discussed in the Court's Memorandum Opinion and Order filed on August 23, 1999.

## CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that the Defendant Allstate Insurance Company's Motion to Certify for Interlocutory Appeal and Stay Action Pending Disposition of Appeal filed October 5, 1999 **[Doc. No. 155]** be, and hereby is, **denied.**

**DATED** this 1st day of June, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Counsel for Plaintiff and for the Class
Janet Santillanes
James T. Roach
David Archuleta

Counsel for Defendant
Lisa Mann
Jennifer A. Noya