IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL MARTINEZ, on behalf of
himself and others similarly situated,

      Plaintiff,

vs.                                         No. CIV 96-1031 MV/JHG

ALLSTATE INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Allstate Insurance Company's ("Allstate") Motion for Reconsideration of Ruling on Bad Faith Due to Recent Ruling on Stacking Issue, filed March 30, 2001 **[Doc. No. 170]** and Allstate's Motion to Certify Issues for Interlocutory Appeal, filed March 30, 2001 **[Doc. No. 166]**.  The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the motions are not well taken and will be **denied**.

## BACKGROUND

A more complete history of these case is given in this Court's previous orders.  The Court will not repeat the entire case history here; however, it will give a brief synopsis of the procedural posture of the instant motions.  On June 10, 1999, this Court ruled that Allstate's 1994 automobile insurance policy and premium structure did not validly preclude stacking of more than

two uninsured motorist coverages under New Mexico law; that Allstate's attempt to preclude stacking of more than two uninsured motorist coverages constituted bad faith; and that Allstate's automobile insurance policy did not validly preclude stacking of medical payment coverages.

This is Allstate's second motion for reconsideration[1] of the bad faith issue, and Allstate's second motion to certify the action for interlocutory appeal. Allstate filed a motion on July 20, 1999 requesting that the Court reconsider the bad faith portion of its June 10, 1999 Memorandum Opinion and Order. The Court denied that motion on August 23, 1999. On October 5, 1999, Allstate then filed a motion to certify for interlocutory appeal and to stay the action pending appeal. The Court denied that motion on June 1, 2000.

Allstate argues that Magistrate Judge Smith's recent decision in *Allstate Ins. Co. v. Indep. Appliance & Refrigeration Serv., Inc. and Michael Meister*, No. CIV 00-382 LCS/KBM (January 31, 2001) (hereinafter "*Meister*") warrants both a reconsideration and a grant of certification for interlocutory appeal.

## DISCUSSION

## I.  Reconsideration

Allstate asks this Court to reconsider the bad faith portions of its June 10, 1999 Order and to alter or amend, and/or grant relief to Allstate from that judgment, pursuant to FED. R. CIV. P. 59 and 60. Rule 59(e) specifically states that a motion to alter or amend the judgment shall be

---

[1]  The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." Instead, the Court construes such a filing in one of two ways. *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858 (10th Cir. 1995). If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e). *Id.* at 861. Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under FED. R. CIV. P. 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

made no later than 10 days after the entry of the judgment.  Allstate's motion was filed almost

two years after the entry of the judgment.  To say the least, it is untimely.  Therefore, this Court

will not consider Allstate's motion under Rule 59.

Additionally, Allstate has failed to demonstrate any basis for Rule 60(b) relief.  In fact,

aside from citing to Rule 60 in the title of the Motion to Reconsider, Allstate neglects to refer to

the rule at all.  Nonetheless, upon the Court's own review, the Court finds that Rule 60(b) does

not provide Allstate with relief from the judgment.   Rule 60(b) provides relief for a party

for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence which by due diligence could not have been discovered in time to move for

a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

judgment has been satisfied, released or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Generally, relief under Rule 60(b) is discretionary and is warranted only in

exceptional circumstances.  *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking. Co.*, 909 F.

2d 1437, 1440 (10th Cir. 1990).

Allstate does not argue that any of the grounds for Rule 60(b)(1) through (5) apply.  Nor

does this Court find on its own review that those rules apply.  There was no mistake,

inadvertence, surprise, or excusable neglect; no newly discovered evidence; no fraud; the

judgment was not void; and the judgment has not been satisfied.  Moreover, motions under Rule

60(b)(1),(2) and (3) must be made within one year after the judgment was entered.  This motion

was made almost two years after the judgment was entered.

The only other ground under which this Court could grant Allstate relief from judgment is Rule 60(b)(6), which provides relief for "any other reason justifying relief from the operation of the judgment." However, relief under Rule 60(b)(6) is to be used sparingly and only in extraordinary circumstances. *See Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572, 576 (10th Cir. 1996). The Tenth Circuit explained:

> Rule 60(b)(6) has been described as a grand reservoir of equitable power to do justice in a particular case. However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. We have sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable. . . .

*Id.* at 579-80. (internal quotations and citations omitted). The fact that another judge has issued a decision that may contain a different conclusion from that of this Court does not mean that enforcement of this judgment is inequitable.

Not only is this not one of those extraordinary cases that cries out for relief, but Allstate's arguments in support of a Rule 60(b) motion are specious at best. Allstate argues that Magistrate Judge Smith's ruling "directly calls into question this Court's conclusion that Allstate's attempt to preclude stacking was bad faith as a matter of law." *See* Allstate's Memorandum in Support of Motion for Reconsideration (hereinafter "Allstate's Motion") at 1-2. However, as Plaintiffs point out, in order to persuade Magistrate Judge Smith not to give weight to this Court's decision, Allstate represented to Magistrate Judge Smith that this Court's decision was substantially different from the facts in *Meister*. Magistrate Judge Smith, relying upon Allstate's representations, found that this Court's decision "entertained a completely different issue than the

one presented" in *Meister*.  Plaintiff's Response to Allstate's Motion for Reconsideration of

Ruling on Bad Faith (hereinafter "Plaintiff's Response") at 3.  Allstate acknowledges that there

was no bad faith claim in *Meister*, but claims that this Court's determination that Allstate must

stack all uninsured/underinsured motorist coverages in New Mexico is undermined by Magistrate

Judge Smith's decision.  However, in its representations to Magistrate Judge Smith, Allstate

stated that "*Martinez* did not involve the policy at issue in this case....  Therefore, Judge

Vasquez's [sic] decision that stacking was required did not, and could not have, taken into

account these critical differences."  Plaintiff's Response at 3.  The Court does not appreciate that

Allstate sought to persuade Magistrate Judge Smith not to follow this Court's ruling by

representing that this case was critically different from *Meister*, and then turns around to represent

to this Court that Magistrate Judge Smith's ruling "directly calls into question this Court's

conclusion[s]."  Allstate's Motion at 1.  Allstate has not presented the Court with an extraordinary

situation that would justify relief under Rule 60(b)(6).


## II.  Certify for Interlocutory Appeal

Allstate has filed a separate motion requesting that this Court certify what it deems to be

two controlling questions of law for interlocutory appeal:

1)   Whether Allstate's 1994 automobile insurance policy and premium
     structure validly precluded stacking of more than two uninsured motorist
     coverages? and

2)   Whether Allstate's attempt to preclude stacking of more than two
     uninsured motorist coverages constituted bad faith as a matter of law?

As grounds for its motion, Allstate again cites the decision from Magistrate Judge Smith in

*Meister*.  This is Allstate' second motion to certify these issues for interlocutory appeal.   The

Court must first note that much of Allstate's motion to certify these issues for interlocutory appeal is a re-hashing of the same arguments Allstate previously made in its initial motion to certify these issues for interlocutory appeal.  There is no basis to re-litigate these issues. Therefore, the Court will only consider the fact of the *Meister* decision in determining whether to now certify these issues for interlocutory appeal.

## A.  Standard for Interlocutory Appeals

With a few exceptions, a federal appellate court's jurisdiction is limited to appeals from "final decisions" of the federal district courts.  The foundation of federal appellate jurisdiction is the final judgment rule, which holds that appeal should lie only from an order which terminates litigation at the trial stage.  28 U.S.C. § 1291;  *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737 (1976). Interlocutory review is restricted to final decisions to prevent the debilitating effect on judicial administration caused by piecemeal appellate disposition of a single controversy.  *Eisen v. Carlisle,* 417 U.S. 156, 179 (1974).  The finality rule permits a consolidated review of all error and under the normal scope of review doctrine, reduces the points of error which must be considered to those material to the result reached at trial.  *See* Note, *Interlocutory Appeals in the Federal Courts under 28 U.S.C. § 1292(b),* 88 HARV. L. REV. 607, 609 (1975) [hereinafter, *Note*]. The final judgment rule is thought to eliminate wasteful delay in the trial court and conserve judicial resources.  *Id.*

Under 28 U. S. C. § 1292(b), a district court may certify for appeal an otherwise unappealable interlocutory order if the court determines that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*See Homeland Stores, Inc. v. Resolution Trust Corp.*, 17 F. 3d 1269, 1271 (10th Cir. 1994).  The

enlargement of the right to appeal should be limited to extraordinary cases in which extended and

expensive proceedings probably can be avoided by immediate final decision of controlling

questions encountered early in the action.  *See Utah v. Kennecott Corp.*, 14 F. 3d 1489, 1495

(10th Cir. 1994) (quoting a Tenth Circuit committee report addressing interlocutory appeal).

In order to obtain judicial permission to appeal pursuant to § 1292 (b), the petitioner must

show that:  1)  the question involved is one of law, 2)  the question is controlling, 3) there is

substantial ground for difference of opinion respecting the correctness of the district court's

decision and 4) an immediate appeal would materially advance the ultimate termination of the

litigation.  *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir. 1974).  These

requirements should be stringently observed.  *Urbach v. Sayles*, 779 F. Supp. 351, 353 (D.N.J.

1991).  Application of these standards is the function of the district court.  In this case, Allstate

has not satisfied the applicable standards of § 1292 (b), as explained below.

**B.**     **Analysis**

  **1.  Question of Law; Controlling Question of Law**

Allstate argues that the Court's prior rulings present controlling questions of law that

warrant certification for interlocutory appeal.  As the Court has found with regard to the Rule

60(b) motion, Magistrate Judge Smith's decision in *Meister* does not call into question this

Court's previous rulings on the bad faith issue.  As the Court stated in denying Allstate's previous

motion to certify these issues for interlocutory appeal, this case does not involve a "controlling"

or unsettled question of law that could result in reversal on appeal.  In New Mexico, it has been

settled that insureds can stack uninsured motorist coverage if they pay more than one premium for

that coverage.  *Lopez v. Foundation Reserve Ins. Co. Inc.,* 98 N.M. 166, 171, 646 P.2d 1230,

1235 (1982).  It is also well settled that where anti-stacking clauses are ambiguous, the

ambiguities are construed against the insurer.  *Rodriguez,* 118 N.M. at 131, 879 P.2d at 763.

Based on the Court's factual determination in this case, which Allstate conceded, indeed argued,

before Magistrate Judge Smith, are substantially different from those in *Meister*, that Allstate

charged more than one premium and that anti-stacking clauses concerning medical coverage were

ambiguous, the Court ruled that stacking the uninsured motorist coverage and the medical

payment coverage was permissible.  Interlocutory appeal is inappropriate in this case because the

Court's Orders are consistent with well settled New Mexico law.

    To the extent that Allstate makes the same arguments it previously made in its original

motion to certify these issues for interlocutory appeal, the Court has already disposed of those

arguments and will not readdress them here (for example, Allstate argues again that a question is

"controlling" if its incorrect disposition would require reversal of a final judgement.  *Klinghoffer

v. S.N.C. Achille Lauro,*  921 F.2d 21, 24 (2d Cir. 1990), *Katz v. Carte Blanche Corp.,* 496 F.2d

747, 755 (3d Cir. 1974).  The Court has already disposed of that argument).

### 2. Substantial Ground for Difference of Opinion

    No substantial ground for a difference of opinion exists regarding the stacking and bad

faith determinations, thus precluding certification for interlocutory appeal.  While a substantial

ground for difference of opinion may be demonstrated by adducing conflicting and contradictory

opinions of courts which have ruled on the issue, *see Oyster v. Johns-Manvilee Corp.,* 568 F.

Supp. 83 (D. Pa. 1983), this Court has found that the *Meister* opinion is not conflicting and

contradictory.  Further, where the law is well settled but there are differences of opinion with

respect to how the law should be applied to the facts, certification under § 1292 (b) is

inappropriate. *Fechter v. Connecticut General Life Ins. Co.,* 800 F. Supp. 178, 182 (D. Pa.

1991).  That is precisely the case here.

### 3. Materially Advance the Ultimate Termination of the Litigation

Allstate argues that an immediate appeal from the Court's Order would materially advance

the ultimate termination of the litigation.  Allstate's arguments are an attempt to

re-litigate issues which should have been raised previously.  Nonetheless, they are not persuasive.

In certifying an interlocutory appeal pursuant to 28 U.S.C. § 1292 (b), the district judge must find

that the interlocutory appeal may materially advance the ultimate termination of the litigation.  28

U.S.C. § 1292 (b).  This reflects the policy that interlocutory review will be granted only in

extraordinary cases where a decision might avoid protracted and expensive litigation.  *Note,*

*supra,* at 611; 4 AM. JUR. 2d *Appel. Rev.* § 129 (1995).  If it appears that interlocutory appeal will

delay a trial, rather than expedite or eliminate it, leave by the district court to appeal should be

denied.  *Kliban v. United States,*  65 F.R.D. 6 (D. Conn. 1974).

The determination of whether an interlocutory appeal may materially advance the ultimate

termination of litigation properly turns on pragmatic considerations, assessed by reviewing the

procedural and substantive status of the case with respect to the progress or completion of

discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial and

the nature and scope of the requested relief.  *Federal Dist. Ins. Corp. v. First Nat'l Bank,* 604 F.

Supp. 616 (D. Wis. 1985).  Certification is inappropriate where all substantive motions have been

decided, discovery is completed and the case is ready for trial.  *Rottmund v. Continental*

*Assurance Co.,*  813 F. Supp. 1104, 1112 (D. Pa. 1992).  As the Court noted in its prior Orders,

discovery is complete and the case is ready to go to trial.  Accordingly, this Court finds that

granting an interlocutory appeal at this late stage would delay, rather than advance, the ultimate

termination of the litigation and thus is inappropriate.


## CONCLUSION

IT IS HEREBY ORDERED that Allstate's Motion for Reconsideration of Ruling on Bad

Faith Due to Recent Ruling on Stacking Issue, filed March 30, 2001 **[Doc. No. 170]** and

Allstate's Motion to Certify Issues for Interlocutory Appeal, filed March 30, 2001 **[Doc. No. 166]**

are hereby **denied**.

Dated this 3rd day of August, 2001.


_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE


Counsel for Plaintiff and for the Class          Counsel for Defendant
Janet Santillanes                                Lisa Mann
James T. Roach                                   Jennifer A. Noya
David Archuleta